DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SABATINE, | ) | |
| | ) | CASE NO. 4:09-CV-1480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| THE PAUL REVERE LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court concerns the cessation of disability insurance benefits.
Plaintiff James Sabatine ("Sabatine") purchased a disability insurance policy from Defendant
The Paul Revere Life Insurance Company ("Paul Revere") that was issued in 1994.  In 2004,
Sabatine submitted a claim pursuant to the disability insurance policy which Paul Revere
ultimately approved and paid benefits to Sabatine.  In 2008, Paul Revere terminated those
benefits.  Sabatine's three count complaint alleges breach of contract (Count One) and bad faith
(Count Three) by Paul Revere for terminating benefits and also requests declaratory judgment
(Count Two) in his favor.

The Parties have filed cross-motions for summary judgment.  Sabatine has moved for
summary judgment on Counts One and Two.  ECF No. 50.[1]  Sabatine has also moved for
summary judgment regarding damages.  ECF No. 49.[2]  Paul Revere has moved for summary

---

[1] Paul Revere has opposed the motion (ECF No. 60) and Sabatine has replied (ECF No. 70).

[2] Paul Revere has opposed the motion (ECF No. 59) and Sabatine has replied (ECF No. (continued...)

(4:09-CV-1480)

judgment on all counts in the Complaint.  ECF No. 48.[3]  For the reasons set forth below, both of

Sabatine's motions for summary judgment are DENIED and Paul Revere's motion for summary

judgment is GRANTED in part and DENIED in part.

## I. Background

Paul Revere issued disability insurance policy No. 0102698358 (the "Policy") to Sabatine

on December 16, 1994.  Pursuant to the terms of the Policy, Paul Revere agreed to provide

benefits to Sabatine for loss resulting from total disability due to injury or sickness.  The

following definitions contained in the Policy (provided in relevant part) are germane to the

instant matter:

> 1.8    "Sickness" means sickness or disease which first manifests itself after the Date of issue and while Your Policy is in force.
>
> 1.9    "Your Occupation" means the occupation or occupations in which You are regularly engaged at the time You become Disabled.
>
> 1.10   "Total Disability" means that because of injury or Sickness:
>
>> a.    You are unable to perform the important duties of Your Occupation;
>> . . . .

ECF No. 48-5 at 13.

Sometime in mid-September 2004, Paul Revere received a claim for benefits under the

Policy from Sabatine.  At the time Sabatine applied for benefits under the Policy in 2004, he

---

[2](...continued)
69).

[3]  Sabatine has opposed the motion (ECF No. 61) and Paul Revere has replied (ECF No. 68).

(4:09-CV-1480)

listed his occupation as a real estate developer.[4]  In 2004, Sabatine's physicians diagnosed him

with hereditary pigment epithelial dystrophy in both eyes, atypical Best's disease, flecked retinal

syndrome and dominant hereditary drusen; all of which severely affect and limit Sabatine's

vision.

On December 22, 2004, Paul Revere approved Sabatine's total disability claim.  Paul

Revere paid monthly benefits to Sabatine from July 22, 2004, until it ceased paying benefits on

May 9, 2008.  Paul Revere terminated Sabatine's benefits based on an ongoing review of his

claim and information received regarding his activities that demonstrated he no longer met the

definition of total disability as defined in the Policy.  Sabatine filed suit claiming Paul Revere

breached the terms of the Policy for wrongfully terminating his total disability benefits.

## II.  Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When

considering a motion for summary judgment, "the inferences to be drawn from the underlying

facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions]

must be viewed in the light most favorable to the party opposing the motion."  *U.S. v. Diebold,*

*Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere allegation

or denials of his pleading, but must set forth specific facts showing that there is a genuine issue

for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

---

[4] On the Policy application Sabatine filled out in 1994, he listed his occupation as "President/Owner" of a paving and construction company.

-3-

(4:09-CV-1480)

Rule 56 requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes.  *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).  Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (*citing Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit").  Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250.  Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52;

-4-

(4:09-CV-1480)

*see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

"The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991) (*citing John v. State of La. (Bd. of Tr. for State Coll. & Univ.)*, 757 F.2d 698, 705 (5th Cir.1985)). In fact, the standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. The fact that both parties have moved for summary judgment does not mean that the Court must rule in favor of one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. *See Begnaud v. White*, 170 F.2d 323, 327 (6th Cir. 1948) (the fact that both parties move for summary judgment does not require the court to find that no issue of fact exists).

The Court reviews each party's motion separately and determines whether a judgment may be entered in accordance with the standards of Rule 56. If, however, there is no genuine dispute and one or the other party is entitled to prevail as a matter of law, the Court will render judgment. Both motions must be denied if the Court finds that there is a genuine dispute as to any material fact.

(4:09-CV-1480)

### III.  Analysis

#### A.  A Genuine Dispute of Material Fact Exists Regarding Count One - Breach of Contract

The crux of this case turns on whether Sabatine is totally disabled under the terms of the Policy rendering Paul Revere in breach of the Policy or not.  The Parties disagree on the definition of the term "totally disabled" as that term is defined in the Policy.  There is also a dispute as to what the "important duties" of Sabatine's occupation were at the time of the initial disability determination.  The interpretation of the term "totally disabled" is a matter of law for the Court to decide.  What the "important duties" of Sabatine's occupation were at the time of the initial disability determination and whether or not he is able to perform some, all or none of them now, is a question of fact.  The evidence before the Court demonstrates a genuine dispute of material fact regarding what Sabatine's important duties were and whether he is able to perform some, all or none of them now.

#### B.  A Genuine Dispute of Material Fact Exists Regarding Count Two - Declaratory Judgment

For the same reasons the Court finds that the evidence before it demonstrates a genuine dispute of material fact regarding what Sabatine's important duties were and whether he is able to perform some, all or none of them now, a genuine dispute exists preventing the Court from declaring that Sabatine is totally disabled under the Policy and that he is entitled to benefits under the same.

(4:09-CV-1480)

### C.  No Genuine Dispute of Material Fact Exists Regarding Count Three - Bad Faith

Sabatine asserts a claim of bad faith against Paul Revere for the wrongful termination of his total disability benefits.  The Sixth Circuit teaches that "it is well-established in Ohio that an insurer must 'act in good faith in the processing and payment of the claims of its insured.'" *LoCoco v. Medical Sav. Ins. Co.*, 530 F.3d 442, 450 (6th Cir. 2008) (*quoting Staff Builders, Inc. v. Armstrong*, 37 Ohio St.3d 298, 525 N.E.2d 783, 788 (1988)).  "In determining whether an insurer acted with the requisite good faith, a reviewing court must examine whether the insurer had 'reasonable justification' for taking the challenged action." *Id.* (*citing Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397, 399-400 (1994)).

Given that a dispute of material facts exists on both Counts One and Two and given that a jury must determine whether or not Sabatine is totally disabled under the Policy based upon the aforementioned disputed facts, the Court finds that a determination of bad faith cannot be imposed on Paul Revere because reasonable grounds existed to at least question whether or not Sabatine is totally disabled.  Further, Paul Revere's decision to terminate Sabatine's benefits occurred after it had conducted a lengthy investigation which raised a "reasonable justification for taking the challenged action." *Id.*

Therefore, summary judgment is granted to Paul Revere on Count Three which is accordingly dismissed with prejudice.  The instant action shall proceed solely on Count One and Count Two.

(4:09-CV-1480)

### D. Sabatine's Motion for Partial Summary Judgment on Damages is Denied

Sabatine also requests summary judgment with respect to future damages if he is found to be totally disabled under the terms of the Policy. ECF No. 49. Sabatine relies primarily upon *Federal Life Ins. Co. v. Rascoe*, 12 F.2d 693 (6th Cir. 1926), in support of his request for future damages. The Supreme Court, however, has disapproved of the *Rascoe* opinion, twice. *Mobley v. New York Life Ins.*, 295 U.S. 632, 1935); *New York Life Ins. Co. v. Viglas*, 297 U.S. 672 (1936). Sabatine argues that the Supreme Court "never expressly overruled the *Rascoe* decision in either" *Mobley* or *Viglas* nor has the Sixth Circuit ever modified its holding in *Rascoe*. Sabatine's arguments fall short.

The Supreme Court in *Viglas* directly expressed its opinion on the Sixth Circuit's ruling in *Rascoe* by stating that "[*Rascoe*] . . . was disapproved in Mobley's Case, 295 U.S. at 639, and is now disapproved again." *Viglas*, 297 U.S. at 678. The Court is obligated to follow the Supreme Court's holdings. The result in the *Rascoe* decision has no applicability to the instant case as the Supreme Court's statement in *Viglas* is crystal clear. Accordingly, the Court denies Sabatine's motion for summary judgment on future damages.

### IV. Conclusion on Motions

### A. Parties' Cross Motions for Summary Judgment

For the reasons contained herein, the Court concludes that there are material facts in dispute regarding whether or not Sabatine is totally disabled under the Policy, and that the evidence before the Court presents sufficient disagreement so as to require submission to a fact finder.

(4:09-CV-1480)

Accordingly, Sabatine's motion for partial summary judgment (ECF No. 50) is DENIED and Paul Revere's motion for summary judgment (ECF No. 48) is DENIED in part (Count One and Two) and GRANTED in part (Count Three).  Thus, this case shall proceed solely on Count One and Count Two.  Further, Sabatine's motion for partial summary judgment with respect to future damages (ECF No. 49) is DENIED.

### B. Remaining Motions

In addition to the parties' cross motions for summary judgment, numerous other motions are pending before the Court.

### 1. Paul Revere's Motion to Exclude Expert Mary E. Fuller

Paul Revere moves the Court to exclude the testimony of Mary E. Fuller.  ECF No. 67. Sabatine has presented Ms. Fuller as his "bad faith insurance expert."  The Court granted Paul Revere's motion for summary judgment on Count Three—Sabatine's bad faith claim.

Accordingly, Paul Revere's motion to exclude the testimony of Mary E. Fuller as a bad faith expert (ECF No. 67) is DENIED as MOOT.

### 2. Sabatine's Motion to Rule on the Admissibility of Documents

Sabatine asks the Court to rule on the admissibility of documents Paul Revere turned over during discovery, but is now claiming the documents are privileged.  Sabatine cites *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001), as support.  *Boone* supports admitting such documents, as argued by Sabatine, "that cast light on whether the denial [of insurance coverage] is made in bad faith."  ECF No. 71 at 3.  As mentioned above, the Court granted Paul Revere's motion for summary judgment on Count Three—Sabatine's bad faith claim.

(4:09-CV-1480)

Accordingly, Sabatine's motion seeking the admissibility of documents Paul Revere

turned over during discovery, but is now claiming the documents are privileged (ECF No. 71) is

DENIED as MOOT.

### 3.  Paul Revere's Motion *In Liminie*

In response to Sabatine's motion to admit certain documents that Paul Revere claimed as

privileged, Paul Revere moved the Court to exclude all references to these documents at trial.

Because the Court has denied as moot Sabatine's motion to admit the documents, Paul Revere's

motion (ECF No. 72) is likewise DENIED as MOOT with permission to re-file as necessary.

### 4.  Paul Revere's Motion to Strike or Alternatively, Sur-Reply to Sabatine's Sur-Response in Opposition to Motion to Exclude Proposed Expert Testimony of Mary E. Fuller

Because the Court has denied as moot Paul Revere's motion to exclude the testimony of

Mary E. Fuller as a bad faith expert, Paul Revere's motion to strike or alternatively, sur-reply to

Sabatine's sur-response in opposition to motion to exclude proposed expert testimony of Mary E.

Fuller (ECF No. 87) is likewise DENIED as MOOT.

## V.  Trial Preparation

In the Court's view, settlement of this case is unlikely.  Although the Court has not yet

selected a date for trial, it is not too soon to begin preparing for the trial of this case.  This case

presents some complex issues.  For example, while the question of whether or not Sabatine is

totally disabled under the terms of the Policy is a question of fact, it is a question of law for the

Court to interpret the Policy's definition of "totally disabled."  The jury instructions, and

accompanying interrogatories in this case, are critically important.

-10-

(4:09-CV-1480)

Accordingly, counsel are directed to separately prepare and file with the Court comprehensive substantive jury instructions for each and every claim by plaintiffs, along with accompanying interrogatories that are keyed to the instructions, by April 15, 2011.  The Court will conduct a status conference in this case on May 3, 2011, at 12:30 pm for the purpose of scheduling a trial date.


        IT IS SO ORDERED.


 January 14, 2011                                          s/ David D. Dowd, Jr.
Date                                                      David D. Dowd, Jr.
                                                         U.S. District Judge

-11-